Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8591 | DATE | August 13, 2002 |
| CASE TITLE | *Extra Equipamentos E Exportacao Ltd. v. Case Corporation* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court concludes that Plaintiffs have failed to join an indispensable party and, therefore, GRANTS Defendant Case's Motion to Dismiss [9-1].

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 15 2002 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 16 |
| | Copy to judge/magistrate judge. | 02 AUG 14 PM 12:01 | | |
| RTS | courtroom deputy's initials | 01 C 8591 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXTRA EQUIPAMENTOS E EXPORTACAO LTDA. and PERSIO D. BRIANTE,<br>Plaintiffs,<br><br>v.<br><br>CASE CORPORATION,<br>Defendant. | No. 01 C 8591<br><br>Hon. Blanche M. Manning |

DOCKETED
AUG 1 5 2002

## MEMORANDUM AND ORDER

Plaintiffs Extra Equipamentos E Exportacao Ltda. ("Extra") and Persio D. Briante ("Briante") filed the instant diversity action against Defendant Case Corporation ("Case") alleging breach of contract and fraud in connection with a settlement agreement entered into between Extra and Case and/or Case Brasil & Cia ("Case Brasil"), Case's subsidiary in Brazil. The current matter is before the Court on Case's motion to dismiss Extra's complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(b)(7), and 19, as well as on the grounds of *forum non conveniens*. For the reasons that follow, the motion is GRANTED.

## BACKGROUND[1]

Extra is a private corporation organized under Brazilian law with its principal place of business in Brazil. Briante is a citizen of Brazil. Case is a corporation organized under Delaware law with its headquarters in Wisconsin. Case Brasil, an indirectly owned subsidiary of Case, is a general partnership organized under Brazilian law with its principal offices in Brazil.

Since 1992, Extra has sold Case construction and farm equipment pursuant to a distribution agreement between Extra and Case Brasil. In 1999, Extra brought suit against Case

---
[1] The facts in the background section are drawn from Plaintiff's complaint.

16

Brasil in Brazil in connection with an alleged scheme whereby Case Brasil was approving loans for farm equipment on behalf of Extra, and then, when the customers defaulted, debiting the defaulted loans against Extra's account. In the lawsuit, Extra sought: (a) payment of all commissions owed to Extra; (b) amendment of the credit clause and reversal of the illegitimate debits transferred to Extra's current account; and (c) payment for repairs and parts provided by Extra to Case's "commission" customers.

In October of 1999, Extra entered into an agreement entitled "Release of Claims and Settlement of Certain Obligations" ("the Agreement"). Extra contends that the Agreement was negotiated between, and signed by, executives of Case and Extra. In contrast, Case contends that the Agreement was negotiated between Extra and Case Brasil, and signed by an executive who represents Case and Case Brasil.

The Agreement states that it was "entered into by and between Case Brasil & Cia and Equipamentos Exportacao Ltda." (Pl.'s Compl., Ex. A, p. 1.) The signatories were Persio Domingos Briante, who signed on behalf of Extra, and James A. Sharman, who signed on behalf of Case Brasil. Within the Agreement, the term "Case" was defined to include "Case Brasil & Cia, Case Corporation, and their past, present, and future: subsidiaries, divisions, parent corporation, predecessors...." (Id.)

Under the terms of the Agreement, Extra was assured continuation of its distributorship on terms at least as favorable as other Case distributors in Brazil and Extra's liabilities to Case Brasil were capped at $ 2,000,000. In exchange, Extra contends that it provided Case with information regarding Case Brasil's improper conduct in Brazil. Case, while not directly contradicting Extra's view of the events leading up to the execution of the Agreement, asserts

2

that the discharge and release from all claims against Case Brasil was the main consideration for which it bargained, not information regarding Case Brasil's operations.

Extra contends that Case has breached the Agreement by its failure to: (1) present Extra, "or [cause] Case-Brazil to present," a controlling Portuguese version of the Agreement; (2) treat Extra fairly and in good faith as a Case distributor; (3) proffer, "or cause Case-Brazil to proffer," a "Commercial Representation Agreement" and "Technical Services Agreement" by October 31, 1999; (4) retain Extra as a distributor on the terms/conditions of the original 1992 distribution agreement and, thereafter, on terms no less favorable than Case Brasil's other distributors; and (5) "refus[e] to cap all liabilities owed to Case Brazil at US $2,000,000."

In response, Case filed the instant motion to dismiss on grounds of *forum non conveniens* and failure to join an indispensable party (Case Brasil).[2] Case has also filed two declarations with its motion: one by José Orlando de Almeida de Arrochela Lobo, a Brazilian lawyer, who provides information on Brazil as an adequate alternate forum, and the second by Maria Luiza De Franco Agudo, an officer of Case Brasil, who contends that the Agreement was entered into by Extra and Case Brasil.

## STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to join an indispensable party, the court must accept the allegations of the complaint as true. Davis Companies v. Emerald Casino, Inc., 268 F.3d 477, 479 (7th Cir. 2001); Pasco Int'l (London) Ltd. v. Stenograph Corp., 637 F.2d 496, 499 (7th Cir. 1980). The court may, however, look outside of the pleadings and consider extrinsic

---

[2] Although this Court set a briefing schedule, Plaintiffs did not file a response to the motion to dismiss, and therefore, the Court will decide the motion without benefit of Plaintiffs' response.

3

evidence. Davis, 268 F.3d 477, 480 (7th Cir. 2001); English v. Cowell, 10 F.3d 434, 437 (7th Cir. 1993); Capitol Leasing Co. v. Fed. Dep. Ins. Corp., 999 F.2d 188, 191 (7th Cir.1993).

## DISCUSSION

Case has moved this Court to dismiss Extra's complaint, pursuant to Rule 19, for failure to join an indispensable party and on the grounds of *forum non conveniens*.[3]

A motion to dismiss under Rule 19 requires a two-step analysis. First, a court must determine whether or not a party is necessary or, in Rule 19 nomenclature, a "person to be joined if feasible." Fed. R. Civ. P. 19(a); U.S. ex rel Hall v. Tribal Dev. Corp., 100 F.3d 476, 478 (7th Cir. 1996). Second, if a party is found to be necessary under Rule 19(a) but cannot be joined, the court must then decide if the action can proceed in "equity and good conscience" without the necessary party, or whether it should be dismissed. Fed. R. Civ. P. 19(b). The Court will discuss each requirement in turn.

### I. Necessary Party

To determine if a party is necessary under Rule 19(a), courts consider whether: (1) complete relief can be accorded among the present parties to the lawsuit; (2) the absent party's ability to protect its interest will be impaired; and (3) any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent party is joined. Thomas v. United States, 189 F.3d 662, 667 (7th Cir. 1999).

In applying these factors, the Seventh Circuit has held that a party to a contract is a necessary party because, "as a practical matter," the parties to a contract have a commercial interest in a judicial declaration concerning that contract. Hall, 100 F.3d at 479. See also

---

[3] Because the Court finds that Extra has failed to join an indispensable party, it will not discuss the *forum non conveniens* issue.

4

CIGNA Healthcare of St. Louis, Inc. v. Kaiser, 181 F. Supp. 2d 914, 920 (N.D. Ill. 2002); Burger King Corp. v. American National Bank & Trust Co. of Chicago, 119 F.R.D. 672, 674 (N.D. Ill. 1988).

In Travelers Indemnity Company v. Household International, Incorporated, 775 F. Supp. 518, 525 (D. Conn. 1991), the court was faced with a situation similar to the instant case – it was unclear whether a subsidiary or its parent was the party to a contract. The plaintiff/insurer brought a breach of contract action against the defendant/insured to recover money paid out on an insurance policy. On a motion to dismiss for failure to join an indispensable party, the defendant contended that the underlying insurance policy was actually issued by the plaintiff's subsidiary who, if joined in the action, would destroy diversity jurisdiction. Id. Noting that language of the policy was "confusing," the court nevertheless, held that the subsidiary was the contracting party based solely on the language of the contract. Id. The agreement contained a subheading that named the subsidiary and the page setting forth the policy's provisions and exclusions listed the name of the subsidiary. The signature page stated, "[the subsidiary] has caused this policy to be signed." Therefore, that court concluded, the subsidiary was the actual party in interest and therefore a necessary party.

Here, the Agreement states that Case Brasil is a party to the contract. The Agreement defines "Case" to include Case Brasil; the signing parties are identified in the contract as "EXTRA EQUIPAMENTOS EXPORTACAO LTD." and "CASE BRASIL & CIA"; and the Agreement contains the subheading "[t]his Release... is entered into by and between Case Brasil & Cia and Extra Equipamentos Exportacao Ltda." (Pl.'s Compl., Ex. A.) Additionally, Case filed the declaration of Maria Luiza De Franco Agudo which states that "Case Brasil and Extra settled

5

their financial dispute by entering into the Release of Claims and Settlement of Certain Obligations."[4] (Decl. Maria Luiza De Franco Agudo, ¶¶ 11.) Accordingly, based on the language of the Agreement, this Court holds that Case Brasil was a party to the Agreement, and thus, a necessary party to this action.

Even if the Court found that Case Brasil was not a party to the Agreement, which it does not, Case Brasil may still be a necessary party under Rule 19. Subsidiaries are necessary parties in actions against their parents when the subsidiary is an "active or primary participant" in the acts underlying the action because a judgment rendered in the subsidiary's absence may "have a preclusive effect on [its] ability to relitigate certain issues ... even if not formally preclusive, an adverse ruling would have an adverse precedential effect on the subsidiary's position in future litigation." Polanco v. H.B. Fuller Co., 941 F. Supp. 1512, 1521 (D. Minn. 1996). See also Dernick v. Bralorne Resources, Ltd., 639 F.2d 196, 199 (5th Cir. 1981) (failure to join a subsidiary that was the primary participant "would be improper" under Rule 19); Jurimex Kommerz Transit G.m.b.H. v. Case Corp., 201 F.R.D. 337, 340 (D. Del. July 23, 2001) (subsidiary is a necessary and indispensable party under Rule 19 when a plaintiff seeks to hold parent company liable for conduct of subsidiary).

Here, the Agreement contains many provisions, including most of those on which Extra bases its breach of contact claims, which require actions to be undertaken by Case Brasil. For example, under the terms of the Agreement, Case Brasil was to treat Extra like all of its other distributors and cap the liabilities Extra owed to Case Brasil at $2,000,000. Additionally, in its

---

[4] In a motion to dismiss for failure to join an indispensable party, a court may look outside of the pleadings and consider extrinsic evidence. Davis, 268 F.3d at 480; English, 10 F.3d at 437; Capitol, 999 F.2d at 191.

Complaint Extra uses language such as "Case U.S.A., through Sharman and others, promised to cause Case-Brazil..." and "Case U.S.A. never presented, or caused Case-Brazil to present..." that supports a conclusion that Case Brasil was a "primary participant," and is, therefore, a necessary party. Thus, even if Case Brasil was not a party to the Agreement, the Court finds that it is a "primary participant," and thus, a necessary party under Rule 19(a).

## II. Indispensable Party

Because the Court finds that Case Brasil is a necessary party, Case Brasil must be joined in this litigation. Unfortunately for Plaintiffs, however, Case Brasil cannot be joined in the instant case because both Case Brasil and Extra would be foreign parties, and therefore, this Court would no longer have diversity jurisdiction under 28 U.S.C. 1332. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) ("[w]hen a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"); Karazanos v. Madison Two Associates, 147 F.3d 624, 627 (7th Cir. 1998) (where one side of the action contains only foreign parties and the other side has a mixture of foreign and domestic parties, the case falls outside section 1332's jurisdictional grant).

If a party is found to be necessary under Rule 19(a) but cannot be joined, the court must then decide if the action can proceed in "equity and good conscience" without the necessary party, or whether the case should be dismissed. Fed. R. Civ. P. 19(b). In other words, the second step in the bifurcated Rule 19 analysis is to determine if the absent party is "indispensable." Hall, 100 F.3d at 479. A party is indispensable when justice cannot be served unless the party is joined. Chamberlain Mfg. Corp. v. Maremont Corp., No. 92-C-0356, 1995

7

WL 723758, at *7 (N.D. Ill. Dec. 6, 1995) (citing Provident Tradesman Bank & Trust Co. v. Patterson, 390 U.S. 102, 109-111 (1968).

Courts have found a party to a contract to be "the paradigmatic example of an indispensable party." Davis, 268 F.3d at 484; Rivera Rojas v. Loewen Group Intern., Inc., 178 F.R.D. 356, 362 (D.P.R. 1998); Polanco, 941 F. Supp. at 1520 ("a contracting party is the paradigm of an indispensable party"); Lopez v. Shearson American Exp., Inc., 684 F. Supp. 1144, 1147 (D.P.R. 1988) (where the subsidiary is the primary participant in a dispute, the subsidiary is an indispensable party). Therefore, because, as discussed earlier, this Court finds that Case Brasil was a party to the Agreement, the Court finds that Case Brasil is also an "indispensable party" under Rule 19(b).

Additionally, Rule 19(b) provides four factors to be considered in determining whether a party is "indispensable." These factors are: "(1) the extent to which a judgment entered in the absence of a party will be prejudicial to those currently before the court; (2) the extent to which such prejudice can be lessened or avoided by reshaping the judgment; (3) whether a judgment entered in a party's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed." Moore v. Ashland Oil, Inc., 901 F.2d 1445, 1447 (7th Cir. 1990).

In applying these four factors to a parent-subsidiary relationship, courts have held subsidiaries to be indispensable parties where the subsidiary is a necessary party. For example, in Capital Markets International, Ltd. v. Gelderman, Inc., Case No. 97 C 7717, 1998 WL 473468, at *4 (N.D. Ill. Aug. 7, 1998), the court held a subsidiary to be an indispensable party because: (1) the action implicated the subsidiary's contractual relationship with the plaintiff; (2)

8

if the subsidiary was the actual liable party, the plaintiff would not be entitled to relief because the subsidiary was not a party; and (3) an alternative forum was available. See also Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 559 (5th Cir. 1985) (holding that a subsidiary is an indispensable party where the plaintiff seeks to impose liability on a parent for the acts of the subsidiary); Dou Yee, 149 F.R.D. at 189 (applying the four factors and finding a subsidiary indispensable where it was responsible for paying the commissions at issue, it would likely be responsible for any judgment rendered against the parent company, and an adequate alternative forum existed).

Here, the four factors weigh in favor of finding Case Brasil is an indispensable party. With respect to the first factor, a judgment against Extra would prejudice Case Brasil because its conduct resulted in the alleged breach of the Agreement. The Complaint alleges that the breach of the Agreement stemmed in part from Case Brasil's failure to retain Extra as one of its distributors on terms at least as favorable as other Case Brasil distributors and to cap all liabilities owed to Case Brasil by Extra at $2,000,000. (Pl.'s Compl. ¶ 27). Therefore, any judgment rendered in Case Brasil's absence on this matter could prejudice Case Brasil by impairing its ability to defend itself in subsequent lawsuits.

As for the second factor, the Court sees no way, nor do either of the parties suggest one, that a judgment could be shaped to avoid or limit potential prejudice against Case Brasil. Considering that many of the breaches of the Agreement were to be performed by Case Brasil, a judgment rendered in Extra's favor may involve Case Brasil. Similarly, if Case Brasil is the actual liable party, the Court will not be able to grant Extra the relief it seeks because Case Brasil

is not a party to the action. Therefore, without the joinder of Case Brasil, there is no apparent way to avoid or limit potential prejudice against Case Brasil or grant complete relief to Extra.

As for the third factor, a judgment would be inadequate without joining Case Brasil because Extra may still sue in Brazil. The Agreement contains a choice of law clause that states: "This Release shall be construed, interpreted and governed by the laws of Brazil." (Pl.'s Compl. Ex. A, ¶ 18.) Extra asserts, however, that this clause is inoperative because Brazilian law mandates that a contract must comply with the laws of the place where the agreement is executed, in this case Illinois. (Pl.'s Compl. ¶ 33.) Nonetheless, as the Court's research and the declaration of José Orlando de Almeida de Arrochela Lobo point out, Brazilian courts have jurisdiction over this action. According to Mr. Orlando de Almeida de Arrochela Lobo, "Article 88 of the Brazilian Civil Procedure Code provides that Brazilian judicial authority is competent whenever (i) the defendant is domiciled in Brazil; (ii) the obligation must be complied with in Brazil; or (iii) the action arises from either a fact occurred in Brazil or from an act practiced in Brazil."[5] (Decl. José Orlando de Almeida de Arrochela Lobo, ¶ 21.); See also "ABA Jurisdiction Project: A Brazilian Perspective" 55 Bus. Law 1801 (2000). Case Brasil is domiciled in Brazil and the obligations that were to be complied with were to take place in Brazil. Thus, Brazil does have jurisdiction over this matter, and if this Court were to proceed without Case Brasil, Case Brasil might be subjected to litigation in two different forums with two potentially different results. With respect to the two current parties, a judgment rendered in Case Brasil's absence

---

[5] José Orlando de Almeida de Arrochela Lobo's declaration was provided by Defendant. And, as stated earlier, in a motion to dismiss for failure to join an indispensable party, a court may look outside of the pleadings and consider extrinsic evidence. Davis, 268 F.3d at 480; English, 10 F.3d at 437; Capitol, 999 F.2d at 191.

would be inadequate because much of what Extra is suing for was to be performed by Case Brasil.

Finally, for the reasons outlined in the preceding paragraph, Extra will not be left without an adequate remedy if this action is dismissed because Extra may still bring suit in Brazil , which is an adequate forum.

Accordingly, even if the Court accepts Plaintiff's allegation that the Agreement was negotiated and signed between Extra and Case, the four factors outlined in Rule 19(b) favor dismissal for failure to join an indispensable party, and therefore, the Court finds that it cannot proceed in "equity and good conscience" in Case Brasil's absence.

## CONCLUSION

For the reasons discussed, the Court concludes that Plaintiffs have failed to join an indispensable party and, therefore, GRANTS Defendant Case's Motion to Dismiss [9-1].

ENTER:

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: AUG 13 2002

12